IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| ROBERT MCDOWELL LEE #483-05 | |
| Plaintiff | |
| v. | Case No. 4:05CV000487JLH |
| RANDY JOHNSON, et al. | |
| Defendant | |

### ORDER

Plaintiff filed this action on March 18, 2005 (docket entry #2) pursuant to 42 U.S.C. Section 1983 and the Fourteenth Amendment alleging that he was detained in the Pulaski County Jail on an "illegal bond." In the Complaint, Plaintiff names Randy Johnson, Sheriff; Randy Morgan, Chief; Shean Smith, Major; and Lt. Kitchen as Defendants in their official capacities only. He has requested to proceed *in forma pauperis* pursuant to 28 U.S.C. Section 1915. For the reasons that follow, his action will be dismissed for failure to state a claim upon which relief can be granted, and his request to proceed *in forma pauperis* will be denied as moot.

I.    **Plaintiff's Complaint**

Plaintiff alleges that he bonded out on charges of terroristic threatening in the first degree, criminal trespass and disorderly conduct on December 31, 2004.

On January 7, 2005, Plaintiff was booked in the Pulaski County Jail on charges of terroristic threatening in the first degree, battery and interference with law enforcement. A five thousand-dollar bond was set for Plaintiff's release. Plaintiff alleges, "out of the blue

1

Pulaski County Jail put a $5000.00 surety bond on me for the same case that I'm already out on bond out of Little Rock District Court, [H]onorable Lee Munson, Jr. in other words Pulaski County District Court never had jurisdiction or the authority to set me $5000.00 surety bond on me when I never appeared in front of his court period." Plaintiff wrote the Defendants concerning the illegal bond several times and eventually filed a grievance. The grievance attached to the Complaint states, "on or about January 24, 2005, the Pulaski County Regional Detention Facility took the law upon it hand and changed my bond illegally on case no. 2005-000703. . . This illegal changed of my bond have cause Judge W. Proctor to place an mental health hold on me because I went off on him in court room because he didn't want to hear me talk about the illegal bond changed."

On February 9, 2005, Plaintiff appeared for a plea hearing in front of Judge Proctor. Because of remarks Plaintiff made to the Judge during the hearing, the Judge placed an "Act 3 hold" on Plaintiff directing that he be held without bond.

On March 1, 2005, Plaintiff appeared in front of Judge Gruber and was told by the Judge that there is "no way two court[s] would have [the] same case." The "illegal bond" was dropped that day, and his grievance was returned answered by the Pulaski County Jail. Plaintiff asserts that he could not make bond because his illegal detention had caused his small trucking company to go out of business, and he was tagged as a "high risk" by the bond companies.

Although he is apparently still being detained, Plaintiff seeks compensatory damages for the time period he was held on the "illegal bond" and for emotional distress. Plaintiff also requests that the Court send an Order to the Pulaski County Jail directing that he be provided with the supplies necessary to correspond on his case.

2

On March 30, 3005, Plaintiff requested to amend his Complaint to add Brandy Turner and Bill Simpson, attorneys with the Public Defenders Office as Defendants (docket entry #3). Plaintiff alleges that Turner and Simpson conspired with the other Defendants to keep the illegal bond active after Plaintiff registered complaints on January 25, 2005 and February 9, 2005. As his appointed counsel, he alleges that they should have taken the steps necessary to remove the illegal bond when they were notified that there were two bonds on the same case out of two different courts.

In attachments to the Complaint, Plaintiff references three state criminal cases, CR2005-703, CR2005-269 and CR2005-228-232. He attached a bench warrant issued in CR2005-703 on February 22, 2005 and a felony information dated February 18, 2005 demonstrating that Plaintiff was released on a $2500.00 surety bond through Renny's Bail Bond Company. The records of the Pulaski County Circuit Court demonstrate charges were brought against the Plaintiff in CR2005-703 for terroristic threatening in the first degree and he was released on a $2500.00 bond. Plaintiff was charged with another count of terroristic threatening in case CR2005-269 after he was arrested on January 23, 2005. His bond was set at $5000.00. Both cases are assigned to Judge Proctor's Fifth Division. Case 2005-228 involves another Defendant, not Mr. Lee, and other charges involving Mr. Lee date back to the 1990s. The Court will take judicial notice of the records of the Pulaski County Circuit Court. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802- 03 (8th Cir.2002) (court may take judicial notice of public records).

## II.    Analysis

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. The Court

3

must dismiss a complaint or portion thereof if the prisoner has raised claims that are: (a) legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Here, Plaintiff has sued the county Defendants in their official capacities only.  As such, the suit is essentially one maintained against the county itself.  In a Section 1983 action, a municipality may only be held liable for constitutional violations which result from a policy or custom of the municipality.  There is no allegation that a jail policy or custom contributed to the alleged constitutional violation. *Hayes v. Faulker County*, 388 F.3d 669 (8th Cir. 2004).

From the outset it must be recognized that Plaintiff is not and has not been subject to two separate $5000.00 bonds.  He is subject to a $2500.00 bond and a $5000.00 bond

4

each arising from different cases involving separate charges. Thus, Plaintiff has not been charged with the same offense in two different cases, and thus, given two separate bonds for the same charge. Even if the Court were to operate on the premise that Plaintiff was held on an "illegal bond," in Arkansas, the act of setting money bail is purely judicial. Arkansas Rule of Criminal Procedure 9.2 sets forth the guidelines for judicial officers to follow. While it may be true that an official who lacked legal authority over a matter, such as the setting of bail, might use his official status to influence the official who did have the relevant jurisdictional authority, Lee does not allege what role he thinks the county Defendants played in a judge's bail decision. *See Walden v. Carmack*, 156 F.3d 861 (8th Cir. 1998) (Arkansas county sheriff entitled to qualified immunity on excessive bail claim where setting of bail is a judicial function). As mere executants of a court order to hold the Plaintiff on a $5000.00 bond, they would be sheltered by the judge's absolute immunity. *Patterson v. Von Riesen*, 999 F.2d 1235 (8th Cir. 1993) (prison warden absolutely immune from damages claim for inmate's confinement where confinement is pursuant to a facially valid court order).

Given the foregoing, the claims Plaintiff seeks to pursue against the public defenders are also fatally flawed. Nevertheless, a public defender does not act "under color of state law" for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel. *Polk County v. Dodson*, 454 U.S. 312, 319-25 (1981). However, Plaintiff alleges a conspiracy between his public defender and the other defendants to ensure the illegal bond. While a claim of conspiracy can support a claim for relief against a public defender, the Complaint fails to allege *any* facts suggesting that the county Defendants and his public defenders had any "meeting of the minds." *White v. Walsh*, 649 F.2d 560,

5

561-62 (8th Cir.1981); *McClain v. Kitchen*, 659 F.2d 870, 872 (8th Cir.1981) (per curiam); *Smith v. Bacon*, 699 F.2d 434 (8th Cir. 1983).

IT IS THEREFORE ORDERED that Plaintiff's action is DISMISSED WITH PREJUDICE due to his failure to state a claim upon which relief can be granted, and all remaining pending motions are DENIED as moot. The dismissal shall constitute a "strike" for purposes of 28 U.S.C. Section 1915(g). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal taken from the Order and accompanying Judgment would not be taken in good faith.

DATED this 19th day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT ENTERED ON DOCKET SHEET IN COMPLIANCE WITH RULE 58 AND/OR 79(a) FRCP ON 5/20/05 BY _____

# **MEMORANDUM**

TO: Honorable J. Leon Holmes
United States District Judge

FROM: John F. Forster, Jr.
United States Magistrate Judge

RE: *Lee v. Johnson*
Case No. 4:05CV00487

DATE: May 18, 2005

**RECEIVED**
CHAMBERS OF
J. LEON HOLMES

MAY 19 2005

U.S. DISTRICT COURT

---

    Attached is an Order and Judgment prepared for your signature dismissing this section 1983 case due to Plaintiff's failure to state a claim for relief.

    Assuming these papers meet with the Court's approval, they are ready for signature.

Attachments

Robert McDowell Lee
PULCJ
Pulaski County Detention Facility
#483-05
3201 West Roosevelt Road
Little Rock, AR   72204                bt Case: 4:05-cv-00487

------------------------------

------------------------------

bt

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

May 20, 2005

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re:  4:05-cv-00487.

True and correct copies of the attached were mailed by the clerk to the following:

    Robert McDowell Lee    (Appeal pkg enclosed)
    PULCJ
    Pulaski County Detention Facility
    #483-05
    3201 West Roosevelt Road
    Little Rock, AR   72204

    press, post

James W. McCormack, Clerk

Date:  5/20/05

BY:  BTyree